UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00321-MTS |
| ) | |
| STATE AUTO PROPERTY AND ) | |
| CASUALTY INSURANCE Co., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file.  The Court finds that Defendant, State Auto Property and Casualty Insurance Company, did not establish this Court's subject matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction").  Defendant removed this case from the Missouri Circuit Court asserting that this Court has original jurisdiction of the action based on diversity jurisdiction under 28 U.S.C. § 1332(a).  Doc. [1] ¶ 12.

To have diversity jurisdiction under § 1332(a) in this case, besides the amount in controversy exceeding $75,000, Defendant cannot be a citizen of the same state as Plaintiff—both at the time Plaintiff filed the case in state court and at the time Defendant removed the case to this Court.  *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013).  Defendant's Notice of Removal does not establish Plaintiff's *citizenship* at these times.  Rather, it alleges only that Plaintiff was "a resident of St. Louis City" at these times.

Doc. [1] ¶ 6.[1] For jurisdictional purposes, federal courts long have distinguished being a citizen of a state from being a mere resident of one. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (noting that the term "citizen" in 28 U.S.C. § 1332 "has long meant something different from 'resident'"); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) (explaining that, because of "ambiguity" in the word *resident*, a court cannot determine that "diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state"); *see also, e.g.*, *Shaw v. Quincy Mining Co.*, 145 U.S. 444, 447 (1892).

If Defendant can establish this Court's jurisdiction, Defendant must file an Amended Notice of Removal to fix the jurisdictional defect the Court has identified herein. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (explaining when, and under what circumstances, a notice of removal may be amended). Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than Monday, April 11, 2022.

**IT IS FURTHER ORDERED** that Defendant's Consent Motion for Extension of Time To File Its Answer and Affirmative Defenses is **GRANTED**.

Dated this 5th day of April, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] To be sure, Defendant did write in its Notice of Removal that "diversity of citizenship exists," see, e.g., Doc [1] ¶ 8, but conclusory allegations such as that do not establish subject matter jurisdiction. *Villareal v. B&C Contracting Specialist Inc.*, No. 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-505-CAS, 2018 WL 1744539, at *2 (E.D. Mo. Apr. 11, 2018) (noting plaintiff's "conclusory assertion" was not a "factual allegation sufficient to establish th[e] defendant's citizenship").